## THE AMERICAN.

(Circuit Court of Appeals, Second Circuit. April 14, 1913.)

No. 163.

COLLISION (§ 96*)—STEAMER AND TOW—STEAMER TURNING IN CHANNEL.

A steamer, after passing up the East River on a clear day on full tide, started to turn to port with the help of a tug on the starboard bow, in order to enter a Brooklyn slip. When she reached a position across the river with her bow about the center of the channel, she stopped to await the removal of some barges from the slip. The Staples, in response to an exchange of signals, passed under her stern, and the St. Patrick, a tug with a single tow, attempted to follow, when the steamship began to back, cut the hawser, and came into collision with the tow. *Held*, that the tug was not negligent, nor guilty of "close shaving," in attempting to pass under the steamship's stern, and that the steamship was at fault and liable for the damages sustained; the testimony of the master of the tug that he passed as near the Brooklyn shore as safety would allow not being contradicted.

[Ed. Note.—For other cases, see Collision, Cent. Dig. §§ 170–174; Dec. Dig. § 96.*

Collision with or between towing vessels and vessels in tow, see note to The John Englis, 100 C. C. A. 581.]

Appeal from the District Court of the United States for the Eastern District of New York; Thomas I. Chatfield, Judge.

Suit in admiralty by James F. Dwyer and others, owners of the brig Ryder, against the steamship American and the steam tug St. Patrick, for collision. From a decree against the American (196 Fed. 147), the American-Hawaiian Steamship Company, claimant, appeals. Affirmed.

Appeal by the owner of the steamship American from a final decree of the District Court, Eastern District of New York, holding the American responsible for a collision in the East River on October 14, 1911, with the cement boat John P. Kane, Jr., in tow of the tug St. Patrick, and exonerating the St. Patrick which had been brought in under rule 59 in admiralty.

A complete account of the collision will be found in the opinion of the District Judge reported in 196 Fed. 147. The statement of facts so made is accepted as substantially correct by this court, and, consequently, only those facts relating to the particular questions examined are discussed in the opinion following.

Burlingham, Montgomery & Beecher, of New York City (Charles C. Burlingham, of New York City, and B. W. Wells, of counsel), for appellant.

James J. Macklin, Foley & Marten, De Lagnel Berier, and F. A. Spencer, Jr., all of New York City, for appellees.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

NOYES, Circuit Judge. In our opinion the American was at fault primarily for failing to observe properly the St. Patrick. The day

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was clear and there was nothing to interfere with navigation. The American was executing a turning movement to get into her pier and was lying across the river. She knew that the Staples which preceded the St. Patrick, was, after an exchange of signals, passing under her stern. She saw or should have seen the St. Patrick following the same course. Under the circumstances she should have used especial caution to give the St. Patrick room to pass. Apparently she might have given plenty by putting her engines ahead sooner. Instead, she did nothing to avoid the collision. Indeed the weight of the testimony is to the effect that she backed and brought it about directly. The American is held liable.

We think that the St. Patrick was not negligent in attempting to pass under the stern of the American. It is true that when her first signal was unanswered she might have gone around the American's bow. But she was not obliged to do so. It was manifest that the Staples was to pass by the stern by agreement and the St. Patrick was so close behind that she was justified in thinking that she might safely do the same. Moreover she had the right to assume that the American would make way for the Staples by going ahead. If the American had done so the St. Patrick would only have embarrassed her by attempting to cross her bow.

We have had doubt whether the St. Patrick was not guilty of "close shaving." Regarding only the distances stated, it would seem that she might have gone somewhat nearer the Brooklyn shore and thus have avoided the collision. But her master testified that he went as near as safety would allow and there is no substantial testimony to the contrary. Upon the whole we reach the conclusion that the charge is not established. We think, also, that the other charges of negligence on the part of the St. Patrick are not well founded.

The decree of the District Court is affirmed with interest and costs.